WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Creditor SNCO Cap LLC*
120 Albany Street Plaza
Sixth Floor
New Brunswick, NJ 08901
Tel. (732) 846-7600 / Fax. (732) 846-8877
Attorneys appearing:  Robert Malatak (rmalatak@windelsmarx.com)
James Sullivan (jsullivan@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| In re | Chapter 13 |
|---|---|
| TUNIESA SIMMONS-DOZIER, | Case No. 21-13772RG |
| Debtor. | Judge Rosemary Gambardella |

**CREDITOR'S OBJECTION TO DEBTOR'S APPLICATION**
**FOR RETENTION OF PROFESSIONAL**

**TO THE HONORABLE ROSEMARY GAMBARDELLA,**
**UNITED STATES BANKRUPTCY JUDGE:**

Creditor SNCO Cap LLC (the "SNCO"), creditor in the Chapter 13 proceeding of estate of Tuniesa Simmons-Dozier ("Debtor"), by its proposed counsel, Windels Marx Lane & Mittendorf, LLP ("Windels Marx"), respectfully objects as follows:

**BACKGROUND**

1. On May 5, 2021 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 13 of title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

2. On May 5, 2021, Debtor also filed her Chapter 13 Plan and for the appointment of a Chapter 13 trustee.

3. On May 6, 2021, the Bankruptcy Court appointed Marie-Ann Greenberg ("Trustee") as Trustee and set July 7, 2021 as the Hearing for Confirmation the Chapter 13 Plan.

4. On June 2, 2021, Debtor filed her original Application for Retention of Professional Charles L. Mester to which Trustee subsequently filed an objection.

5. On June 16, 2021, Debtor filed an amended Application for Retention of Professional Charles L. Mester ("Amended Mester Application"). Trustee subsequently withdrew its objection to the application.

6. Based on the Amended Mester Application, filed on June 16, 2021, SNCO now objects to the retention of Charles L. Mester as a professional.

## SNCO'S OBJECTIONS

7. SNCO objects to the Debtor's retention of Charles L. Mester as a professional since his retention presents a potential conflict of interest and appearance of impropriety.

8. Mr. Mester, admittedly, has worked with Debtor prior to this Chapter 13 matter but has not disclosed any details about that work.

9. In the Amended Mester Application, in response to Certification #5, Mr. Mester does not detail any connection with Debtor, creditors, or any other interested parties. He simply states that he was "prior real estate counsel to Debtor." Such a terse response undermines the goal of the certification, for a transparent and fair application and proceeding.  More information is necessary about prior matters, including any interested parties and properties.

10. Upon information and belief, Mr. Mester and/or the law firms with which he is associated have been involved in a number of transactions involving the Debtor, Debtor's creditors and other parties in interest. Such involvement makes him an interested party and subject to claims by the Debtor, Debtor's estate, and other additional parties with respect to those

transactions.

11. In the Amended Mester Application, in response to Certification #6, Mr. Mester does not detail any connection his law firm, partners, associates and/or employees have with Debtor, Debtor's creditors, or any other interested parties. Again, he merely states that he was "prior real estate counsel to Debtor." This non-descriptive response is insufficient. More information is required relating to Mr. Mester's general legal work, including background, clients, and previous work related to bankruptcy. In addition, more information is needed about anyone affiliated with Mr. Mester, or affiliated with any firm with which Mr. Mester is associated.

12. Upon information and belief, some of the legal work that Mr. Mester conducted as "prior real estate counsel to Debtor" may have been used to defraud some of Debtor's creditors and other interested parties. The Bankruptcy Code only allows for special counsel to be approved "if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C.A. § 327(e). However, here Mr. Mester's interest may be directly adverse to that of the creditors and of the estate.

13. Absent prompt full and adequate disclosure with respect to the forgoing, SNCO intends to request discovery from Mr. Mester on an expedited basis.

14. SNCO also objects to the Mester Application's request to waive D.N.J. LBR 2016-1, Compensation of Professionals. Local rule 2016-1 requires that any statement of services rendered by a professional contain an itemization of expenses. This rule is critical to ensure transparent and fair legal work is being done on behalf of the Debtor, the creditors, and the estate.

**WHEREFORE**, the SNCO respectfully requests that the Court deny the Amended Mester Application, and grant such other and further relief as is just.

Dated: New York, New York
      June 21, 2021

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP

By:   /s/ James Sullivan_____
Robert Malatak
James Sullivan
120 Albany Street Plaza
Sixth Floor
New Brunswick, NJ 08901
Tel. (732) 846-7600 / Fax. (732) 846-8877
*Attorneys for Creditor SNCO Cap LLC*